No. .........

First Circuit

---

SOUTH LA. FAIR ASSOCIATION v. OMER ROBERT, ET AL.

---

(December 8, 1925.   Opinion and Decree.)
(January 28, 1926.   Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Surveyors and Surveys—Par. 6, 7; Sales—Par. 193.**
   Where there is apparent conflict between the description of land construed in connection with the conveyance record and that shown between lines on the map of the survey, the map controls the description.

Appeal from the Parish of Ascension, Hon. Sam LeBlanc, Judge.

This is a suit in which the plaintiff prays to be recognized to be owner of certain immovables. There was judgment for plaintiff and defendant appealed. Judgment affirmed.

Walter Lemann and Howell and Wortham of Donaldsonville, attorneys for plaintiff, appellee.

C. C. Weber of Donaldsonville, attorney for defendant, appellant.

Elliot, J., dissents for written reasons below.

LECHE, J. The Peytavin Sugar Plantation adjoins the town of Donaldsonville, which at one time formed its western

boundary. In the year 1914, the South Louisiana Fair Association acquired a tract of land theretofore forming part of said plantation, in the shape of a parallelogram, approximately 1080 feet by 568 feet, along its western boundary. In the year 1916, the South Louisiana Fair Association acquired two other tracts adjoining the land which it already owned and also formerly part of the Peytavin plantation. In the year 1917, at the request of the owners, a survey was made of the Peytavin plantation by J. S. Webb, C. E., in the making of which two other additional strips in the shape of two small parallelograms adjoining the land already acquired by the South Louisiana Fair Association were ordered by the owners to be excluded from the limits of the said plantation, for the reason that these strips had been verbally sold to the South Louisiana Fair Association. The latter two small parallelograms were contiguous to land already deeded to the South Louisiana Fair Association and were excluded from the limits of the Peytavin plantation for the above stated reason, though no formal transfer in writing had, at that time, been made to the South Louisiana Fair Association.

The defendants acquired the Peytavin plantation on March 13, 1920, and the South Louisiana Fair Association received a written title or sale on February 9, 1923, of the two small parallelograms, excluded from the limits of the Peytavin plantation in the Webb survey of 1917.

In the present suit, the South Louisiana Fair Association, alleging that defendants are in possession of part of the property which it acquired, as shown by Notarial Act of February 9, 1923, prays to be recognized as owner thereof.

Defendant's title describes the Peytavin plantation in accordance with the delineation contained in the map made by Webb in 1917, and the pertinent part of that description in regard to the western boundary of said plantation, reads as follows:

"Thence in a northerly and easterly direction around the property of the South Louisiana Fair Association" * * * "all being more fully shown by a map of James S. Webb, Civil Engineer, which is annexed to and made part of an act of sale" to defendants' authors.

The conveyance records of the parish of Ascension at that time, March 13, 1920, did not show the two strips of land as being the property of the South Louisiana Fair Association, but the map made by Webb did show these strips as already being the property, as they were in point of fact, of the South Louisiana Fair Association, and therein lies the reason for the present litigation.

There is an apparent conflict between the description construed in connection with the conveyance record and that shown by the lines on the map of survey by Webb in 1917, and the single question involved, is which should control. That question, in our opinion, has passed the stage of uncertainty and is now settled by the decisions in Canal Bank vs. Copeland, 6 La. 548; Gray vs. Coco, 113 La. 33, 36 So. 878; Perry vs. Board of Commissioners, 132 La. 428, 61 South. 511; Werk vs. Leland University, 155 L. 991, 99 South. 716. The diagram or map referred to controls the description.

What the defendants bought in 1920 was not the lands which may originally have constituted the Peytavin plantation, but only the lands contained within the limits as defined and designated in the Webb map of 1917. The District Judge was of that opinion, and we agree with him.

Judgment affirmed.

Elliott, J., dissents for written reason attached.

DISSENTING OPINION OF ELLIOT. J.

I think the judgment appealed from in the above case is erroneous and should be reversed and judgment rendered in favor of defendants as prayed for by them. The facts are not disputed. Under the law on the subject of the execution of titles to land and the registry of land titles, can the ownership of certain parts of a plantation be reserved in the seller by figures on a map indicating that the property of South Louisiana Fair Association is greater in extent than it is in fact, according to the recorded titles, with the results that the Peytavin plantation area, adjacent and contiguous thereto, is thereby made correspondingly less?

As stated, in 1917 J. S. Webb, C. E., made a map indicating South Louisiana Fair Association property, with figures, which if satisfied must include the two small parallelograms of land in suit, which at the time, according to the recorded title, were parts of the Peytavin plantation then belonging to the Leman Co., Ltd., and were not the property of the South Louisiana Fair Association.

In 1918, the Leman Co., Ltd., sold the Peytavin plantation to Peytavin Planting Co., Inc., by a description which so far as pertinent to the present matter reads: "Thence in a northerly and easterly direction around the property of the South Louisiana Fair Association," and the further statements, "all as being more fully shown on attached map made by J. S. Webb, C. E., which is annexed hereto, initialed by appearers and made part hereof."

The title which the Leman Co., Ltd., made to Peytavin Planting Co., Inc., does not state that the Leman Co., Ltd., reserved parts of the plantation covered up by these figures, designating the property as South Louisiana Fair Association. The title says "around the property of South Louisiana Fair Association," and that is the way Peytavin Planting Co., Inc., bought, and, according to the recorded title, the sale included the two parcels of land involved in this suit. But if the figures on the map govern and amount, as the majority opinion holds, to a reservation of title in the Leman Co., Ltd., then the above descriptive language is untrue and deceptive, because, instead of South Louisiana Fair Association being the property surrounded, it was part of the Peytavin plantation reserved by the Leman Co., Ltd., that was surrounded.

The Peytavin Planting Co., Inc., bought in good faith and on the faith of the recorded title of South Louisiana Fair Association, according to which it did not own these parts of the Peytavin plantation and Peytavin Planting Co., Inc., sold in the same way to Omer Roberts, etc., defendants.

The map mentioned was not recorded with the act; therefore it can not govern the rights of Omer Roberts and his brother defendants in buying from Peytavin Planting Co., Inc.

Error and ambiguity is not claimed by either side to exist; consequently the map mentioned is not important as fixing their rights.

A map, annexed to an act of sale of land from boundary to boundary, as in this case, is never important, except when the act is said to contain error or to be ambiguous; when it is consulted in the effort to ascertain the intent of the parties and correct the error or explain the ambiguity.

When error or ambiguity is not pleaded, the metes and bounds called for by the act,

and in conformity with the recorded title, becomes the law of the parties. C. C., Arts. 2491-2-3-4 and 2495 (Amd. 1871, No. 87).

The plaintiff brought a petitory action. It must make out its title to the land in suit. If the Leman Co., Ltd., its author, likewise the author of defendant, did not explain itself clearly in the act of sale to the Peytavin Planting Co., Inc., which antedates the sale to plaintiff, then the plaintiff fails to make out its title. The seller is bound to explain himself clearly respecting the extent of his obligations; any obscure or ambiguous clause is construed against him. C. C., Art. 2474. The law is with the defendant, and he should have judgment as prayed for in his answer.