BRUNOT, J.
 

 This is a possessory action. The plaintiff obtained a preliminary injunction restraining the defendant from interfering with her possession and control of the property described in her supplemental petition. The children of the plaintiff and her deceásed husband intervened in the suit. Defendant answered the petitions of the plaintiff and interveners, pleaded estoppel, and filed a reconventional demand. The case was tried and a judgment was rendered dismissing the suit, both as to the plaintiff and interveners, at their cost, with reservation to them, at their option, to bring another action, petitory or otherwise, for the determination of their rights. . The plaintiff and interveners obtained separate orders of appeal and perfected separate suspensive appeals from the judgment.
 

 
 *502
 
 Tlie question presented is a simple one. The petition alleges that plaintiff possesses the property involved in this suit as owner thereof; that she possessed the property, as owner, for more than one year prior to the disturbance complained of; and that defendant has disturbed her possession and- control thereof.
 

 The record shows that, when plaintiff applied for the injunction, the defendant was actually engaged in removing the plaintiff’s wire fence, which inclosed the property, and was replacing it with a board fence for the avowed purpose of exercising possession and control of it, upon the alleged ground that the property was a locus publicus, and that the possessory action is available only to one who possesses as owner. As the plaintiff alleges that .she possessed the property as the owner thereof and had, as owner, possessed it for more than one year prior to the disturbance, her right of action comes within the letter of articles 47 and 49 of the Code of Practice.
 

 / [2] The question as to whether or not plaintiff is, in fact, the owner of the property der scribed in her petition, involves an inquiry into the title thereof, and such an inquiry is not permissible in a purely possessory action. Article 53, Code of Practice, is as follows:
 

 • “The plaintiff in a possessory-action needs only, in order to make out his case, to prove that he was in possession of the property, in question, in the manner required by this Code, and that he has been either disturbed or evicted within the year previous to his suit.
 

 “So that when the possession of the plain,tiff, or the act of disturbing him is denied, no testimony shall be admitted, except as to the fact of the possession, or as to the act of disturbance, and all testimony relative to property shall be rejected.”
 

 In the case of Producers’ Oil Co. v. Hanszen, 132 La. 691, 61 So. 754, this court said:
 

 “In a possessory action-, the question of ti: tie cannot be gone into; the defendant, for ■ the purposes of the suit, having no title.”
 

 The defendant relies upon the case of Bruning v. New Orleans, 165 La. 526, 115 So. 733, 739, and the trial judge, in this case, bases his judgment upon a quotation from the concurring opinion of Chief Justice O’Niell, on the second rehearing of the Bruning Case. In that case the court found, as a fact, that the property in dispute was originally lake shore and lake bottom; that it had been recovered at public expense, and that it was in the possession of the municipality and was being used for public purposes when plaintiff filed her suit. Notwithstanding all the stated indicia of the public character of the property, this court said:-
 

 “Plaintiff contends and we think her contention is borne out by the record, that the action was held by the district judge to be posr sessory in character; that * * * it was tried in conformity with the rules governing such actions; that all evidence tending to show title to the property was objected to by plaintiff’s counsel, and was excluded by the trial judge, except to show the possession of the parties. Therefore our decree that the ownership of the property, its ownership not. being at issue, was in the defendant, was erroneous, and whatever in our opinion supports that decree can have no bearing on the sole question involved — the possession, vel non, of the parties litigant.” '
 

 It is, therefore, upon the fact of possession, vel non, that the final decision in the Bruning Case is based.
 

 
 *504
 
 The record shows that the property involved in this suit was subject to private ownership; that plaintiff was in the actual possession of it at the instant when the disturbance alleged in the petition occurred; that she had possessed the property quietly and without interruption, under a claim of ownership, for many years prior to the disturbance, and that defendant had never, theretofore, asserted claim to any part of it, or attempted to exercise any dominion over it.
 

 The record does not show that the property involved was ever dedicated, by any of its former owners, to public uses. A map and certain sales with reference thereto are relied upon as impliedly dedicating the property as a locus publicus, but no connection between the confection of the map and the owner of the property is shown. Hence, if the title to the property could be inquired into in this proceeding, we seriously question whether the offerings referred to could be given the effect contended for by defendant.
 

 We think these views dispose of the case, and that all other issues raised by the pleadings and exhaustively briefed are merely incidental to them.
 

 For these reasons, it is decreed that the judgment appealed from be, and it is hereby, avoided; and that the plaintiff and interveners be quieted in their possession of the property described in plaintiff’s supplemental petition. The cost of this appeal to be paid by appellee.
 

 O’NIELL, C. J., concurs in the decree on the ground that the property was never occupied as a locus publicus.
 

 BOGEBS, J., takes no part.