No. 3915

Second Circuit

## COLLINS v. HEATH

(December 23, 1930.   Opinion and Decree.)
(January 27, 1931.   Rehearing Refused.)

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for plaintiff, appellant.

M. C. Redmond and Dhu Thompson, of Monroe, attorneys for defendant, appellee.

WEBB, J. Plaintiff cumulated a possessory action involving the S. W. ¼ of N. E. ¼ of section 4, township 17 north, range 1 east, lying south of Cheniere, a small stream, with an action to recover judgment for the value of timber alleged to have been cut and removed from the land by defendant, who is alleged to have disturbed plaintiff's possession, and plaintiff appeals from a judgment rejecting his demands.

Defendant denied that plaintiff had possession of the property; admitted that he had cut and removed timber therefrom, but not of the value alleged; and defendant further alleged that he was and had been in possession of the property under a title from G. B. Haynes, of date December 18, 1903, in which the property transferred included the property in contest, together with that part of the S. W. ¼ of N. E. ¼ lying north of Cheniere, and the N. ½ of N. E. ¼, section 4, township 17 north, range 1 east.

On the day the cause was fixed for trial, plaintiff offered to file an amended petition, in which he alleged that in addition to having had actual possession of the property in contest, his authors in title had actual possession of the property under title translative of property since the year 1895, and that plaintiff succeeded to the possession of his authors in title and that he and his authors in title had had continuous, actual possession of the property since 1895, which was prior to the date of defendant's alleged title and possession.

The amended petition was not allowed to be filed on the objection of defendant, to which ruling plaintiff reserved a bill of exceptions, and on trial plaintiff having offered to file in evidence the titles of the parties' authors in title, and introduce oral evidence to show the extent and nature of the possession of plaintiff's authors in title, all of which was excluded on the objection of defendant, plaintiff reserved a bill and attached the amended petition and offerings to the bills reserved, which are brought up with the record.

On trial plaintiff introduced in evidence a tax deed, of date July 7, 1924, which was made to him under an adjudication of certain property assessed against Mrs. A. E. Hooper and others, in which the property described was the property in contest, S. W. ¼ of N. E. ¼ south of Cheniere and the adjoining forty acres, S. E. ¼ of N. E. ¼, and plaintiff also introduced in evidence two deeds, of date November 7, 1927, and February 11, 1929, from the persons to whom the property was assessed, Mrs. A. E. Hooper and others, in which the property sold was described as in the tax deed; while defendant offered in evidence the deed from G. B. Haynes, above referred to, of date December 18, 1903, in which the property described included the property in contest, S. W. ¼ of N. E. ¼, south of Cheniere, and the adjoining property, S. W. ¼ of N. E. ¼, north of Cheniere, and the N. ½ of the N. E. ¼.

Plaintiff introduced evidence which established that he had, through a tenant, taken actual possession of a part of the S. E. ¼ of N. E. ¼ in 1926, and also tending to show that the area cultivated by the tenant in that forty extended over into the S. W. ¼ of N. E. ¼ south of Cheniere, and defendant offered evidence which established that he had taken actual possession of a large part of the N. ½ of N. E. ¼ in 1904, and that he had cut wood and timber from the S. W. ¼ of N. E. ¼, and it is conceded that the possession of both parties continued since the time they took possession up to the date of the trial.

Under the provision of the Civil Code relative to possession, there are two species of possession, natural and civil, defined (articles 3427 to 3431, inclusive), and article 3436 declares that in order to acquire possession, two distinct things are required:

(1) "The intention of possessing as owner." And (2) "The corporeal possession of the thing." And article 3437 provides that, "It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that it included within the boundaries"—which latter article has been construed as particularly applicable to the possession which one acquires of a body of land of which he acquired title as a whole, by taking actual possession of a part.

Article 49 of the Code of Practice, among other requisites necessary in order to bring a possessory action, provides, "That he [the person bringing such action] should have had the real and actual possession of the property [real estate] at the instant when the disturbance [of his possession] occurred; a mere civil or legal possession is not sufficient"; and in construing that article with the provisions of the Civil Code, the court has held that the possession resulting from action taken in accordance with article 3437, Civil Code, will be sufficient to maintain a possessory action (Ellis v. Prevost, 19 La. 251), it is, we assume, conceded that the same character of possession on the part of the opponent will be sufficient to repel the action.

It is apparent that, when one has had actual possession of lands, such as cultivating the ground, or under inclosures, with the intent of possessing as owner, or natural possession (article 3428, Civil Code), for more than a year, he may protect such possession by the possessory action, and the same is true under the decision cited when one has taken possession of a part of a contiguous body of

land of which he acquired title as a whole, with the intention of possessing the whole.

In the present instance, the preponderance of the evidence did not show that plaintiff was in actual physical possession of any part of the property in contest, and while the evidence showed that plaintiff as well as defendant had taken actual possession of adjoining tracts to the land in contest, which, together with the land in contest, was included in the description of the land under their titles, it is apparent that the possession of defendant was prior to that of plaintiff, and considering the possession of both parties as constructive, as suggested by appellant, it is apparent that plaintiff could not recover on the face of the record.

"It is manifestly impossible that there should be two constructive possessions at one and the same time of the same property. The person first holding constructive possession of a particular property under a title maintains it as against later alleged constructive possession of the same property by another person. The possession of the latter is limited to the precise property of which he has actual possession." Gilmore v. Schenck, 115 La. 386, 39 So. 40, 44.

While as stated one having actual possession, or constructive possession, as referred to above, of a tract of land, may protect his possession by the possessory action, there may be two kinds of constructive possession; one, resulting from the action of the plaintiff who takes actual possession of a part of a contiguous tract of land of which he has title to the whole, with the intention of possessing the whole; and the other, when plaintiff's authors in title have had possession to which he has succeeded. Plaintiff having originally based his action on his own actual possession, or constructive possession, we are of the opinion that the amended petition, by which he attempted to claim possession through his authors in title, was a material amendment and changed the substance of the issue; and the general rule is that such an amendment cannot be filed without the consent of the defendant (Cross Pleading, p. 192, sec. 217), and, further, the amendment being offered when the case was called for trial, an allowance of the amendment was within the discretion of the court.

The offerings, instruments purporting to show the titles of the parties' authors in title were presumably offered in support of the issues presented in the amended petition, and as the amended petition had been refused, the offerings were properly excluded.

Aside, however, from the question of the refusal of the court to allow the amended petition to be filed and excluding the evidence offered in support of the issues presented under the amendment, both parties, in argument and in brief, insist that the action is purely possessory and that the titles of the parties are not at issue, which is the rule in possessory actions (article 55, Code of Practice; Cross Pleading, p. 217, sec. 254), and we are of the opinion that the parties cannot go behind their immediate titles either to show that the property in contest, which was included in the description of the property acquired by defendant from Haynes, was not intended to be included, or to show that plaintiff's authors in title had possessed under titles prior in date to those of defendant's authors in title, without bringing in question their titles. The questions as presented under the amended petition should be presented in a petitory action.

The judgment appealed from is therefore affirmed.