AYRES, Judge.
This is a possessory action wherein plaintiffs, Missouri Pacific Railroad Company and Arkansas & Louisiana Missouri Railway Company, seek to be restored to possession of .a tract of land situated in Block 2 of Smith and Renwick’s Addition, a subdivision of the City of Monroe.
Plaintiffs allege they have, as owners, had the real, actual, and corporeal possession of said tract, through the construction and use of an interchange or connecting railroad track, and that their possession has been disturbed within the preceding year by the defendant who has entered upon and exercised rights of ownership of a portion of said property by placing obstructions thereon and using the same as a parking area for his trucks.
The issue was one of the sufficiency of plaintiffs’ possession to support and maintain a possessory action. From a judgment sustaining plaintiffs’ right to maintain such an action and ordering that possession be restored to them, defendant has appealed.
The sufficiency of plaintiffs’ possession to sustain and maintain a possessory action is attacked by the defendant on the grounds (1) that plaintiffs had no real or actual possession of the property beyond their roadbed and (2) that plaintiffs are without title and, being without title, their possession does not extend beyond the limits of their actual dominion.
As defined by the Code of Practice, Art. 6,
“A possessory action is that by which one claims to be maintained in the possession of an immovable property, or of a right upon or growing out of it, when he has been disturbed; or to be reinstated to that possession, when he has been divested or evicted.”
and by Art. 47,
“The possessors entitled to bring these actions are those who possess as owners.
“Persons entitled to the usufruct or to the use of a real estate, and others having real rights growing from such real estate, may also bring their action, when disturbed in the enjoyment of their rights.”
Code of Practice, Art. 49, in listing the essential elements of a possessory action, provides:
“In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to bring a possessory action, it is required:
*39 “1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient;
“2. That he should have had 'that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud;
“3. That he should have suffered a real disturbance either in fact or in law;
“4. That he should have brought his suit, at the latest, within the year in which the disturbance took place.
“When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall nevertheless be entitled to his possessory action.”
The requirements as to proof of either possession or disturbance are contained in Code of Practice Art. S3, which reads:
“The plaintiff in a possessory action needs only, in order to make out his case, to prove that he was in possession of the property in question, in the manner required by this Code, and that he has been either disturbed or evicted within the year previous to his suit.
“So that when the possession of the plaintiff, or the act of disturbing him is denied, no testimony shall be admitted, except as to the fact of the possession, or as to the act of disturbance, and all testimony relative to property shall be rejected.” See, also, Rhodes v. Collier, 215 La. 754, 41 So.2d 669.
The facts of the instant case must be appraised in the light of the aforesaid- principles. Of primary importance is the matter of plaintiffs’ possession as owners under title to the property. Their deed describes the property as follows:
“A strip of land out of Lot Five of Block Two of Smith & Renwick’s Addition to Monroe, Louisiana, said strip being one hundred feet wide &' having fifty feet on each side of the interchange tracks of the vendees as now located and said strip being outlined in red on the blueprint attached.” (Emphasis supplied.)
Defendant contends, however, that inasmuch as there is no lot numbered five in said addition, the description in the deed is insufficient and inadequate to convey title and that, accordingly, plaintiffs have no title to the property claimed by them. The contention would possess considerable merit, except for the plat or blueprint recited to have been attached to the deed.
The rule is that, where an inconsistency exists between the description in a deed with that contained in a plat attached thereto, the description in the plat prevails. In Werk v. Leland University, 155 La. 971, 975-976, 99 So. 716, 717, it was said:
“The annexing of the map to the deed, and the reference to it in the description given in the deed, made the map as important a part of the description as if it had been actually copied in the deed. Canal Bank v. Copeland, 6 La. [543] 544; Keay v. New Orleans Canal & Banking Co., 7 La.Ann. 259; Lallande v. Wentz & Pochelu, 18 La.Ann. [289] 290; Gray v. Coco, 113 La. 33, 36 South. 878; Nick v. Bautovich, 119 La. 1039, 44 South. 880. See, also, Cragin v. Powell, 128 U.S. [691] 696, 9 Sup.Ct. [203] 205, 32 L.Ed. [566] 567, viz. :
“ ‘It is a well-settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and *40 controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or the grant itself/"
This rule was recognized and followed in South Louisiana Fair Ass’n v. Robert, 3 La.App. 505, 506, wherein it was stated:
“There is an apparent conflict between the description construed in connection with the conveyance record and that shown by the lines on the map of survey by Webb in 1917, and the single question involved, is which should control. That question, in our opinion, has passed the stage of uncertainty and is now settled by the decisions in Canal Bank vs. Copeland, 6 La. [543] 548; Gray vs. Coco, 113 La. 33, 36 So. 878; Perry vs. Board of Commissioners, 132 La. [415] 428, 61 South. 511; Werk vs. Leland University, 155 L[a.] 991 [971] 99 South. 716. The diagram or map referred to controls the description.” (Emphasis supplied.) See, also, Flanagan v. Elder, La.App.2d Cir., 1956, 90 So.2d 540.
An objection was made to the introduction and filing in evidence of plaintiffs’ deed and plat for the reason that the description of the property as therein recited did not conform to the description of the property in the possession of which plaintiffs were allegedly disturbed. We find no merit in this objection. The descriptions do conform. Moreover, if there were a discrepancy in the detailed description of the property, as described in plaintiffs’ petition, such description was controlled by the plat, and the plat, having been made a part of both petition and deed, the recitals as to the description of the property necessarily must and do conform, as the plat governs and controls both allegation and deed.
The evidence establishes, and in fact defendant concedes, plaintiffs’ real, actual, corporeal possession of at least a portion of the property described in their aforesaid deed. Appropriate to one’s occupation of a part of an estate as a basis for his possession of the estate in its entirety are LSA-C.C. Arts. 3437 and 3498. These articles provide:

"Art. 3437. Occupation of part as basis for possession of whole

“It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that is included within the boundaries.”

"Art. 3498. Extent of possession

“When a person has a title and possession conformably to it, he is presumed to possess according to the title and to the full extent of its limits.”
In the first of these articles, the word “boundaries” means the limits stated in the title deed, if the possession be under title; or the limits or marks of enclosure, if the possession be without title. Hill v. Richey, 221 La. 402, 59 So.2d 434, 440; Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648, 651.
In a possessory action, plaintiffs are required to establish possession of the land as owners for more than a year previous to the time of a disturbance, that the disturbance was real, and that they have brought their action within the year in which the disturbance took place. Code of Practice Arts. 47 and 49. All of these essentials are present in the instant case, as plaintiffs have proved actual possession of a part of the tract which extends civilly to all the land included within the boundaries set forth in their title. Actual possession of a part of a tract acquired in a title deed, with the intent to possess the entire tract, constitutes sufficient actual possession of the entire tract to support a possessory action. Hill v. Richey, supra; Rhodes v. Collier, 215 La. 754, 41 So.2d 669; Leonard v. Garrett, 128 La. 535, 54 So. 984; Brash- *41 ears v. Chandler, La.App. 1st Cir., 1938, 183 So. 546; Collins v. Heath, 2d Cir., 1930, 15 La.App. 370, 131 So. 479.
See, also, Ernest Realty Co. v. Hunter Co., 189 La. 379, 179 So. 460, 461, wherein it was stated:
“It is a well settled and established principle of law that where the legal and rightful owner of a tract of land has actual possession of a part thereof, he is in legal and constructive possession of the whole, except such portion thereof that may he in the actual possession and occupancy, by inclosure or otherwise, of a party claiming either by title under article 3478 or thirty years’ adverse possession, article 3499. The reason for the rule is that both cannot have constructive possession. Moore Planting Co. v. Morgan’s Louisiana & T. R. & S. S. Co., 126 La. 840, 53 So. 22, and cases therein cited with approval.”
Furthermore, as pointed out by the trial court, the testimony shows that, at the particular point where defendant caused the disturbance precipitating this action, plaintiffs, after the construction of the interchange, leased the land involved for storage purposes and, also, that, with the consent and permission of plaintiffs, the property had been used by people in loading or unloading railroad cars “spotted” or parked on said tracks.
We, therefore, conclude plaintiffs had actual possession of the property involved for more than a year prior to defendant’s disturbance, and that their action was brought within a year following such disturbance; and that such possession was sufficient to maintain the possessory action and to support the judgment ordering that possession be restored to them.
For the reasons assigned, we find no error in the judgment appealed and, accordingly, it should he, and it is hereby, affirmed at defendant-appellant’s cost.
Affirmed.