O’NIELL, C. J.
This is an action to recover a part of the price paid by plaintiff for certain real estate bought from defendant. The suit rests upon the theory that there was a shortage in the area of the land sold. Stated more specifically, the complaint is that there were three streets extending across the tract of land described in the deed; for' the area of which streets plaintiff claims a proportionate reduction of the price that he paid for the land. The defendant denies that the streets were included in the area of land described in the deed, and avers that plaintiff knew, when he bid in the property at public auction, and before he accepted the title and paid the price, that the streets were not intended to be included in the sale. The defendant also pleaded the prescription of one year. The district court referred the plea of prescription to the mer *974 its of the ease, and did not otherwise dispose of it. The court gave judgment for the defendant, after trial of the case on its merits ; and the plaintiff has appealed. The defendant has again pleaded the prescription in answer to the appeal.
The plea of prescription is founded upon article 2498 of the Civil Code, viz:
“The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred.”
More than a year elapsed between the date of the sale and the date of ‘filing of the suit; but in the meantime, and less than a year before the suit was filed, the executive committee of the defendant corporation ratified the sale, on account of certain changes which, the defendant’s agent had made in the terms on which he had been authorized to sell the property. Whether the prescription was interrupted by the act of ratification, is a question which we need not decide, because we have concluded that the judgment rendered on the merits of the case is correct.
The property was sold at public auction by a licensed auctioneer, and was adjudicated to the plaintiff for $175,000, the highest bid. The auctioneer, immediately before calling for bids, exhibited to plaintiff and to the other bystanders a large plat of survey (which was afterwards made part of the deed), showing the three streets extending across the land; and the surveyor then explained to plaintiff and to the other bystanders that the streets were not included in the area of land to be sold. Plaintiff therefore bought the property with full knowledge that he was not buying the area embraced in the three streets. He deferred completing the transaction nearly three months; and in the meantime he petitioned the municipal council for permission to close the three streets crossing the land, and, in lieu thereof, to open a new street extending lengthwise through the land. After paying the price and accepting the title, he negotiated the exchange with the city. The mayor, by authority of an ordinance of the municipal council, gave plaintiff the land embraced within the three streets crossing his land in exchange for a street extending lengthwise through the land. The defendant intervened in the act of exchange, and released the mortgage and vendor’s lien on the strip of land which was thus converted into a public street.
Plaintiff’s attorney objected to the introduction of the verbal proof that he knew, when he bought the property at the auction sale, that he was not buying the area of the streets crossing the land. We affirm the ruling admitting the evidence. It would perhaps have been not admissible if, in the deed which plaintiff acquired, it had been stated beyond all doubt that the intention of the parties was to convey the area of the streets crossing the land. But the deed does not purport to have conveyed the streets. All that can be said for the plaintiff in that respect is that the language of the deed, even with reference to the survey mentioned in it, might leave some doubt as to whether the intention of the parties was to sell the public streets crossing the land.
This is. not a case where the actual measurement of the land sold is less than the measurement given in the deed. The measurements on the ground are in exact accord with the measurements given in the survey annexed to the deed. The contention of the plaintiff is that the description in the deed included land that did not belong to the defendant; that is, the streets crossing the land. According to article 2452 of the Civil Code, a sale of property not belonging to the seller gives rise to an action for damages, when the buyer was not aware that the property did not belong to the seller. For that reason, verbal evidence was admissible to *976 show that the plaintiff in this case knew, when he bought the land, that there were three streets extending across it, and not belonging to the seller.
In the deed the land is described thus:
“A certain tract of land, together with all the improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, situated in the sixth district of this city, comprised within St. Charles avenue, Audubon street, Elm street, and the Eourcher line, being that property known as Leland University, and measures, according to a sketch and certificate of survey, made by Walter J. Seghers, deputy city surveyor, dated Biarch 23, 1916, annexed thereto, three hundred and four feet and nine inches front on St. Charles avenue, one thousand three hundred and ninety-four feet on the side line of Audubon street, one thousand four hundred and eighteen feet one inch and three lines on the side line of Eourcher line, and two hundred and fifty-seven feet and eight inches on Elm street, all as per said sketch.”
The survey made by Seghers, deputy surveyor, and annexed to the deed, gives the figures, showing the measurement from St. Charles avenue to Elm street to be 1,394 feet along Audubon street, and 1,418 feet and 1.3 inches along the Eourcher line, or Audubon place, exactly as stated in the deed. But the survey also gives the figures showing the width of the three streets crossing the tract, being, respectively, 45 feet, 50 feet, and 50 feet on Audubon street, and 45.02 feet, 50 feet, and 50.03 feet on the Eourcher- line, or Audubon place. It was not possible for any one examining the map to overlook the three streets crossing the land.
The annexing of the map to the deed, and the reference to it in the description given in the deed, made the map as important a part of the description as if it had been actually copied in the deed. Canal Bank v. Copeland, 6 La. 544; Keay v. New Orleans Canal & Banking Co., 7 La. Ann. 259; Lallande v. Wentz & Pochelu, 18 La. Ann. 290; Gray v. Coco, 113 La. 33, 36 South. 878; Nick v. Bautovich, 119 La. 1039, 44 South. 880. See, also, Cragin v. Powell, 128 U. S. 696, 9 Sup. Ct. 205, 32 L. Ed. 567, viz.:
“It is a well-settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or the grant itself.”
Plaintiff puts great stress upon certain language used in the resolution adopted by the executive committee of the defendant corporation at its office in New York authorizing the sale to be made to plaintiff pursuant to the adjudication made to him at the public auction. But it seems to us that the language, tout ensemble, is not at all favorable to the plaintiff’s contention; for it shows that the deed was only a consummation of the auction sale; and it makes admissible the evidence that at the auction sale the auctioneer explained to plaintiff that the streets across the land were not being sold. The language of the resolution referred to is:
“Whereas the real estate belonging to Leland College, formerly known as Leland- University, located in the city of New Orleans, and consisting of four squares of ground, together with intervening streets, sections of ground bounded by St. Charles avenue, Audubon place, Audubon street and Elm or Ereret street, has been sold at public auction, in the city of New Orleans, on the 28th of Blarch, 1916, by J. L. Onorato, auctioneer, for the sum and price of $175,000; and,” etc.
The expression, “together with intervening streets,” after the designation, “consisting of four squares of ground,” was only descriptive of the land. It did not mean — for it could not reasonably mean — that the intervening streets were sold with the four-squares of ground.
The judgment is affirmed, at appellant’s cost.
Réhearing refused by Division C, composed of "OVERTON, ST. PAUL, and THOB1PSON, JJ.