HARDY, Judge.
This is an action for the judicial determination of a boundary between the respective properties of plaintiff and defendant situated in Block 13 of the Town of Mooringsport, Caddo Parish, Louisiana. On a previous appeal to this court the matter was remanded for hearing of additional evidence; Corley v. Colgin, 111 So.2d 205. The facts involved are set forth in detail in the cited case and only such facts as are pertinent to this reconsideration will be comprehended in this opinion.
Subsequent and pursuant to our order of remand the parties caused additional surveys to be made and additional testimony of the respective surveyors was adduced on trial, after which judgment was rendered fixing the boundary in accordance with the survey of Van A. Barnett, Civil Engineer, as per his plat and procés verbal dated February 5, 1958, which judgment constituted a reaffirmation of that originally rendered by *744 the trial court. From the judgment the defendant prosecutes this appeal.
On the first appeal it was the opinion of the court that both the surveys originally made by Barnett, as the court appointed surveyor, and by George E. Dutton, employed for such purpose by defendant, were unacceptable, and particularly the court expressed the view that Barnett had failed to properly locate the east line of Lot 7 of Block 13, which it considered to be the key to the issue under consideration. It is appropriate to point out that the east line of Lot 7 of Block 13 is dependent upon the accurate location and delineation of a tract of land consisting of 4.6 acres conveyed by J. S. Noel to the Mooringsport Town Company, Limited, by deed of date March 23,1896. Out of a part of the Noel property Lots 13, 14 and certain streets of the Town of Mooringsport were subsequently platted.
The deeds by which plaintiffs and defendant hold their adjoining properties in Block 13 specifically refer to the recorded plat of the Town of Mooringsport in Conveyance Book 17, page 274 of the Records of Caddo Parish. It is a well-settled principle of law that a plat referred to in a deed controls the lines and limits of properties thereby conveyed; Flanagan v. Elder, La.App., 90 So.2d 540, citing Werk v. Leland University, 155 La. 971, 99 So. 716, and numerous additional authorities.
It is pertinent to observe that Barnett’s survey accords with the plat to which reference is made in the deeds of the parties, while Dutton’s survey snows a variation from the lines fixed by the recorded plat.
Practically all of the confusion and uncertainty in connection with the resolution of the correctness, vel non, of the two surveys involved is attributable to the attempt to fix the southwest corner of Section 25, Township 20 North, Range 16 West, within which the property under examination is located, and to reconcile said corner with the description contained in the deed from Noel to the Townsite Company. The corner in question was originally established by the survey of A. W. Warren in 1839, but the monument marking said corner was destroyed or obliterated and late in the month of October, 1913, Captain Arthur D. Kidder, Supervisor of Surveys for the United States Land Office, began a survey of the subdivision lines of Township 20 North, Range 16 West, Louisiana Meridian, for the purpose of re-establishing the lines of the Warren survey, which work was completed May 4, 1914. On casual examination of the testimony of both Barnett and Dutton, it would appear that the difference in their survey lies in the ultimate fact that Barnett established the approximate location of the original southwest corner of Section 25 as being 23 feet west of Kidder’s relocated corner, while Dutton accepted Kidder’s corner as the point of beginning in establishing the lines of the Noel conveyance to the Townsite Company.
However, closer examination reveals that this conclusion is unjustified and, as a matter of fact, both surveyors accepted Kidder’s re-established corner but differed in fixing the beginning call of the Noel deed. Reference to this instrument discloses the following recital:
“ * * * beginning at a point on the east and west Section line 889 feet east of corner of Sections 25j 26, 35 and 36, T. 20 N., Range 16 W. * * *.”
In making his survey Barnett established the beginning point fixed in the above call as being 866 feet east of Kidder’s corner, and his action in suggesting the approximate location of the original corner as being 23 feet west of Kidder’s re-established corner was simply an effort to reconcile his easterly measurement of 866 feet with the recital of 889 feet set forth in the Noel deed. On the other hand Dutton began his measurement at the Kidder corner and proceeded 889 feet, in literal accordance with the Noel deed, for the point of beginning.
*745 It was admitted by both Barnett and Dut-ton that this 23 foot discrepancy was the crux of the difference in their surveys and, if eliminated, their respective surveys as made in the instant case would substantially coincide.
Again it would seem that Barnett’s survey could not possibly be accepted since it appears to ignore the beginning call in the Noel deed. This conclusion would be unassailable if Barnett had arbitrarily and, without any basis in fact, disregarded the distance fixed in the Noel deed. But examination of Barnett’s testimony and reference to Captain Kidder’s field notes, discloses that Barnett not only accepted the Kidder corner but completely accepted the methods and measurements evidenced by. the field notes which were the basis for Captain Kidder’s action. Because we think this point controls and absolutely determines the correct conclusion in the instant case, we quote the following extract, with emphasis supplied by the court, from Captain Kidder’s field notes:
“Mar. 25: I consult the official plat of the Townsite of Mooringsport, La., and determine the relation of the town-site subdivision to the legal subdivision of the township. The information thus obtained shows that the south line of blocks 12 and 14 was made to agree with the true line bet. secs. 25 and 36 as recognized at the date of the townsite survey many years ago. Also, the official plat of Cole’s Addition to the Townsite of Mooringsport shows that the same section line was again recognized as one of the governing lines of the townsite addition, and this plat calls for a distance of 865.97 ft. along the section line counting from the cor. of secs. 25, 26, 35 and 36, as then recognized. Also, that the street separating Cole’s Addition from the original town-site is 73.0 feet in width, and the street along the section line is 60 ft. in width, and the N. and S. length of block 12 is 264 ft.
"I reestablish the true points for the SW. cor. of block 12 and SW. cor. of block 14, by measurement from identified cors. of the original townsite survey, as hereinafter described, and determine the bearing of the line to the temp, meander cor. of frac. secs. 25 and 36. ■
"Thence I project the same line S. 89° 41' W., 938.97 ft. dish, from the SW. cor. of block 14, to a point where I re-establish the obliterated cor. of secs. 25, 26, 35 and 36, from which point my temp. sec. cor. bears S. 28° 40' W., 98 Iks. dist., equivalent to 86 Iks. S. and 47 Iks. W.
“Mar. 25, 1914.”
The projection from the southwest corner of Block 14 to the re-established southwest corner of Section 25, for a distance of 938.97 feet, is adequately explained by his computation of the distance of 865.97 feet plus 73 feet, representing the street shown and identified on the recorded plat of the Town of Mooringsport as being Greenwood Street. It is clear that Captain Kidder recognized and accepted the locations of Blocks 12 and 14, the latter of which was a part of the Noel property, as fixed by what he refers to as the “ * * * official plat of the Townsite of Mooringsport, La.
Under the above factual circumstances it would appear utterly unreasonable to accept Kidder’s re-established corner and reject Kidder’s reliance upon lines and measurements based upon the same recorded plat to which reference is made in the deeds by which both plaintiffs and defendant hold their respective properties. This finding necessarily requires the acceptance of Barnett’s survey.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.