386 So.2d 139 (1980)
Ira M. TATE et al., Plaintiffs-Appellants,
v.
SOUTH CENTRAL BELL TELEPHONE CO., Defendant-Appellee.
No. 7656.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*140 C. Kenneth Deshotel, Opelousas, for plaintiffs-appellants.
Dubuisson, Brinkhaus & Duazat, Edward B. Dubuisson, Opelousas, for defendant-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This is a suit for injunctive relief and damages arising out of an alleged trespass. Plaintiffs, Ira M. Tate and Shirley Richard Tate, alleged in their petition that defendant, South Central Bell Telephone Company, had buried a telephone cable on their property without having obtained their permission to do so. They also alleged that in the process, defendants had damaged a fence and some trees on their property. The trial judge found that a servitude had been established, which gave defendant the right to bury the cable. Judgment was rendered in favor of plaintiffs and against defendant in the amount of $500 for the damage to the fence and trees. The other relief prayed for was denied. Plaintiffs appeal.
The issues on appeal are: (1) whether the trial judge erred in finding that a servitude had been established, and (2) whether the damages that he awarded were adequate.
The record shows that on May 20, 1977, plaintiffs purchased a tract of land in St. Landry Parish from Gulf Land Investment Company, Inc. The property description in the act of sale recited that the property was sold "as per plat of survey by Paul H. Fontenot" and that the plat was attached to a previous act of sale that was recorded in the mortgage and conveyance records. The trial court concluded on the basis of the plat and the testimony of the surveyor who had prepared it, that a servitude had been granted in the area of plaintiffs' property where the cable had been buried and that it had been indicated on the plat by a dashed line.
The trial court's conclusion that a servitude was indicated on the plat referred to in the act of sale is well supported by the evidence. However, nonapparent servitudes, like the one in question, may only be acquired by title. LSA-C.C. Art. 739. The act of sale recites that the lot purchased by plaintiffs is subject to a ten foot utility easement on the front of the lot immediately adjoining the road right of way. Plaintiffs do not dispute the fact that this reservation created a servitude by title. See McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960); Richard v. Broussard, 378 So.2d 959 (La.App. 3rd Cir. 1979). However, they argue that since the act of sale does not mention an easement on the rear of the property, a servitude does not exist there.
Since the act of sale does not declare that there is an easement on the rear of the property, but the surveyor's plat referred to in the property description indicates that there is one, there is a discrepancy between the two. It is well-settled that in the case of such a discrepancy, the plat controls. Werk v. Leland University, 155 La. 971, 99 So. 716 (1924); O'Reilly v. Poche, 162 So.2d 787 (La.App. 4th Cir. 1964), and the cases cited therein.
We conclude that by selling the lot to plaintiffs "as per" the surveyor's plat, a servitude was created, which the vendor, the developer of the subdivision in which the lot is located, could enforce. The evidence shows that defendant laid the cable after contacting the vendor, Gulf Land Investment Company, Inc. and obtaining from it a copy of the plat referred to in plaintiffs' *141 deed. Under those circumstances, defendant's actions did not constitute a trespass for which it is liable to plaintiffs.
However, as the trial judge correctly held, defendant is liable to plaintiffs for the damage it did to their fence and trees. It is clear from the evidence that that damage was minimal. We believe that the $500 awarded by the trial judge is sufficient to compensate them for their loss.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiffs.
AFFIRMED.