469 So.2d 29 (1985)
TRIANGLE DEVELOPMENT, INC.
v.
Joe Ivan BURNS and Linda Aline Mercadel Burns.
No. CA 84/0339.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Michael Tregle, Hammond, for plaintiff-appellee.
Paul Billingsley, Luling, for defendants-appellants.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
GROVER L. COVINGTON, Chief Judge.
The defendants, Joe Ivan Burns and Linda Aline Mercadel Burns, have devolutively appealed the judgment of the trial court in favor of the plaintiff, Triangle Development, Inc., declaring that the south 25 feet of defendants' property is subject to a servitude of passage.
The uncontested evidence established the following facts, as found by the trial court:
Plaintiff's president, a professional surveyor, prepared a plan and plat to develop a twenty acre parcel of property owned by it in Tangipahoa Parish. The tract fronted 660 feet on Lee Hughes Road on the east, and extended west to a depth of 1320 feet. Plaintiff divided the tract into parcels measuring 330 feet by 132 feet, each fronting on a 50 foot road which ran from east to west down the center of the tract, except for six lots on the east end, which fronted *30 approximately 110 feet on Lee Hughes Road by a depth of 396 feet.
On September 12, 1978, plaintiff sold to J.Y. Davidson a certain parcel containing one acre, more or less. The act described the parcel and then recited: "All as per survey of Ansil Bickford, Registered Land Surveyor dated August 29, 1978, a copy of which is attached hereto and made a part hereof." The attached survey shows the north and south lines of the lot extending out into the blacktop road on the east and to the center of broken parallel lines on the south, which lines are similar to the delineation of the Lee Hughes Road (though the area within the lines is unnamed and not designated as a "road").
The description in the deed from Davidson to Shirley C. Dorsa, as well as the subsequent deed from Dorsa to the defendants, made reference to the same Bickford survey.
The deed dated June 6, 1978, from plaintiff to a third party covering the lot lying immediately south of defendants' property, after describing the lot, recites: "Subject to a right-of-way for public road on the north side of property as shown on survey of Ansil M. Bickford dated September 15, 1977 and revised March 20, 1978." The survey which is attached to the deed shows a 50 foot gravel road across the north portion of the lot, with the north lot line extending approximately to the center line of the road.
Plaintiff, in the course of the development of the twenty acre parcel, cleared the area which was to be the proposed road. This clearing extended through a forested area to the west, where the clearing for a road was visible. The road was intentionally made impassable by plaintiff digging a large trench across it to keep people from driving down it and dumping garbage, before the subdivision could be built up. Defendants have been using that portion of the road from Lee Hughes Road to their west property line as a drive to get to their driveway and into their carports. Hunters and others have used the road across defendants' property to the point just to the west, where it is blocked.
It was the clear intention of plaintiff, as developer of the subdivision, to create a servitude of passage for all of the lots in its proposed subdivision to connect with Lee Hughes Road on the east. Without the servitude, all of the lots that did not front on Lee Hughes Road would be inaccessible, and it would be impossible to develop the subdivision. This intention of plaintiff is reflected in the survey of August 29, 1978, referred to and attached to the act of sale from plaintiff to defendants' ancestors in title. It was also referred to in the sale to defendants. It should have put defendants on notice that there was a servitude in favor of the land to the west, especially when considered with the obvious "clearing".
After a thorough review of the record we find no merit in defendants' argument that there was no servitude. Both defendants and their neighbors used the road on the servitude as a means of reaching their homes. The defendants parked a bus at the west end of this road in order to prevent use of the road by others; thus, the road was apparent and was used.
It is clear that the servitude was established by title in accordance with LSA-C.C. art. 740. The sale from Triangle Development to defendants' ancestor in title created the servitude. Attached to that act of sale was a plat depicting the servitude, and the description in defendants' title referred to the survey attached to the previous sale.
In deciding a similar issue, the court in Tate v. South Central Bell Telephone Co., 386 So.2d 139, 140 (La.App. 3rd Cir.1980) concluded that the "dashed lines" on a survey attached to one sale in the chain of title indicated the existence of a servitude, even though the sale to the present owner did not expressly mention the servitude but merely referred to the survey as attached to a prior deed.
The Court stated:
Since the act of sale does not declare that there is an easement on the rear of the property, but the surveyor's plat referred *31 to in the property description indicates that there is one, there is a discrepancy between the two. It is well-settled that in the case of such a discrepancy, the plat controls. Werk v. Leland University, 155 La. 971, 99 So. 716 (1924); O'Reilly v. Poche, 162 So.2d 787 (La.App. 4th Cir.1964), and the cases cited therein. We conclude that by selling the lot to plaintiffs "as per" the surveyor's plat, a servitude was created, which the vendor, the developer of the subdivision in which the lot is located, could enforce.
We find that the trial court correctly concluded that defendants' property is subject to a servitude of passage in favor of the property lying to the west of it.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.