501 So.2d 893 (1987)
Ava Somme BERNARD and Henrietta Somme Hendley
v.
Leon Kenneth SOMME and Bert Z. Somme.
No. 86-CA-490.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
*894 Paul A. Bonin, Levenson & Bonin, New Orleans, for plaintiffs-appellants.
Norman J. Pitre, Luling, for defendants-appellees.
Before KLIEBERT, GAUDIN and WICKER, JJ.
KLIEBERT, Judge.
Ava Somme Bernard and Henrietta Somme Hendley, plaintiffs, filed this action seeking (1) a temporary restraining order and, in due course, a preliminary injunction prohibiting Leon Kenneth Somme, defendant, from interfering with their passage over a driveway traversing Leon Kenneth Somme's property, (2) a declaratory judgment establishing the rights of the parties under an act plaintiffs contend purports to relocate a legal servitude of passage for plaintiffs' tract to another place over the property of Leon Kenneth Somme and Bert Somme, co-defendants, and alternatively, (3) damages for loss of rental income of $300.00 per month resulting from the defendant, Leon K. Somme's blocking passage over his tract to plaintiffs' tenant-occupied house.
The plaintiffs posted the court-ordered $10,000.00 bond and obtained a temporary restraining order. The rule for the preliminary injunction was submitted on affidavits filed by the parties pursuant to an order issued by the court under Louisiana Code of Civil Procedure Article 3609. The trial judge rejected the plaintiffs' contentions and dismissed their suit on the following findings: (1) initially the plaintiffs were entitled to a legal servitude of passage because following a partition plaintiffs' lot was enclosed, and (2) the legal servitude was extinguished by a subsequently acquired conventional servitude.
On appeal plaintiffs contend the court erred because their lot remains an enclosed estate and as such entitled to a legal servitude under the provisions of La.Civil Code articles 694 and 695. The argument is premised on the contention a unilateral notarial act executed by the defendants on September 1, 1981, purporting to relocate the place at which legal servitude of passage owed to plaintiffs' lot was to be exercised, was ineffective. We affirm the trial court's judgment but for reasons other than those assigned.
Prior to a partition in kind, the parties and other heirs were co-owners in indivision of Lot 153 of Coteau de France (Ranson Tract) located in Section 43, T14S, R20E, at Des Allemands in St. Charles Parish. The Act of Partition, dated September 1, 1981 was executed by all co-owners and divided Lot 153 into eight tracts, as referenced to a survey plat prepared by R.P. Bernard, Surveyor, dated September 5, 1980, attached as Appendix I.
Tract 1, allotted to Leon Kenneth Somme, and Tract 2, allotted to Bert Z. Somme, fronted west on the asphalt public road running alongside Bayou Des Allemands. Tract 3, allotted to plaintiffs, included a house, originally constructed by their father when the land was owned in indivision, which was located east or in the rear of Tract 1. Historically, access to the house from the public road was gained over a driveway located along the northern boundary of Tract 1 (allotted by the partition to defendant Leon K. Somme). As may be noted therefrom, the survey plat shows a 10 foot roadway along the southern boundary of the original tract (Lot No. 153). According to the testimony contained in the record, at the time the Act of Partition was executed the 10 foot roadway was shelled and reached into subdivided Tract 4. Subsequently, it was extended to reach the southern portion of the subdivided Tract 3, all as depicted on the plat attached as Appendix I. The Act of Partition made no specific mention of a servitude of passage from the public road to the eight tracts. However, In a notarial act dated September 1, 1981 (the same date the Act of Partition was executed) the defendants (Leon and Bert Somme) purport to grant to the plaintiffs, their heirs and assigns the following:
A right of ingress and egress over a driveway presently existing from the asphalt road running parallel to Bayou Des *895 Allemands, thence along the North Boundary of Tract 1 over Tract 1 to the Western Boundary of Tract No. 3 according to a map of the partition of Lot No. 153 Coteau de France or Ranson Tract located in Section 43, T14S, R20E at Des Allemands, La., said grant of easement to continue until the building located on Tract 2 is moved unto Tract 1 and then said easement and right of ingress and egress will be moved to the ten feet running in a North and South direction along the Eastern boundary line of Tracts 1 and Tract 2 and across that portion of those Tracts from the South Boundary of Lot 153 to the North Boundary of Lot 153. Said right of ingress and egress over Tract 1 and Tract 2 shall continue until such time as proper ingress and egress is constructed along the South Boundary of Lot 153.
Following the partition the occupants of the house on Tract 3 continued to utilize the driveway on Tract 1 until February 1985, at which time Leon Kenneth Somme commenced purposely obstructing the use of the driveway and posted a sign declaring "Private DriveKeep Out." This is the action which prompted the suit.
The plaintiffs contend the Act of Partition did not provide for ingress and egress to Tract No. 3 and therefore following the subdivision of Lot 153, Tract 3 was an enclosed estate and as such entitled to a legal servitude of passage under the provisions of Civil Code Articles 689 et seq. Thus, the case turns on the answer to the issue underlying plaintiffs' case, i.e., did the Act of Partition provide for ingress and egress to Tract 3. We find it did; hence, plaintiffs' argument falls.
Although the Act of Partition did not expressly establish a servitude of passage along the southern boundary of Lot 153, the surveyor's plat referenced in the property descriptions shows that a ten foot strip traversing the length of the southern boundary of Lot 153 was designated "For Road". A portion of this area was shelled at the time the partition was executed. When there is such a discrepancy between the document transferring title and the surveyor's plat referenced in the property description, the plat, which forms part of the description as if it were actually copied therein, controls. Werk v. Leland University, 99 So. 716 (La.1924); Triangle Development, Inc. v. Burns, 469 So.2d 29 (1st Cir.1985); Tate v. South Central Bell Telephone Co., 386 So.2d 139 (3rd Cir.1980); O'Reilly v. Poche, 162 So.2d 787 (4th Cir. 1964).
We conclude, as did the trial judge, that a conventional servitude of passage was established over the ten foot strip along the southern boundary of Lot 153. Since a conventional servitude of passage was created in the Act of Partition, the only effect of the notarial act executed by the defendants on September 1, 1981 was to grant a conventional right of passage (other than that provided for in the Act of Partition) which terminated at a designated time, i.e., when the shell roadway extending along the southern boundary of Lot 153 provided proper ingress and egress for Tract 3 to the public road over the ten foot strip provided for in the survey plat. See Cobb v. McCart, 478 So.2d 204 (3rd Cir. 1985). See also Young v. Manuel, 385 So.2d 544 (3rd Cir.1980).
Accordingly, the judgment of the lower court is affirmed in all respects. All costs of this appeal are to be paid by the appellants.
AFFIRMED.
*896