FORET, Judge.
This is a suit for declaratory judgment filed by Rosa Marie Bernard against Rolland Louis Broussard, Fred Broussard, and Evelyn Hebert Broussard, seeking a determination as to whether or not a servitude of passage exists along the common boundary line of property owned by plaintiff and defendants herein. From a judgment by the trial court in favor of plaintiff, decreeing that no servitude exists, defendants have appealed.
FACTS
In 1963, Joseph Hebert retained a land surveyor to survey a tract of land owned by him in Lafayette Parish containing approximately 199.5 arpents. The survey was performed by Fred L. Colomb and is dated March 21, 1963 (a copy being attached as Appendix I). Although Joseph Hebert never formally partitioned his property, the survey divided the property into two tracts, with the northern portion being designated as Tract 1 and the southern portion being designated as Tract 2. Also depicted on this survey is a strip of land having a width of 40 feet which is labeled “for road or passage.” A portion of the 40-foot strip of land lies exclusively on Tract 1, while the remainder is situated on both Tracts 1 and 2. The testimony of record establishes that Joseph Hebert constructed a road in accordance with the Co-lomb survey in 1963, and he thereafter died in December of 1965.
By judgment of possession dated February 2, 1966 in the Succession of Joseph Hebert, Evelyn Hebert and Nola Hebert each acquired an undivided one-half interest in the aforementioned 199.5-arpent tract. Thereafter, by partition dated April 19, 1966, Nola Hebert acquired full ownership of Tract 1 of the Colomb survey while Evelyn Hebert acquired full ownership of Tract 2. Tracts 1 and 2 are described in said partition agreement by reference to the March 21, 1963 survey of Fred L. Co-lomb. Specifically, the partition agreement describes Tracts 1 and 2 “as is more fully shown” on the Colomb survey. Petitioner herein, Rosa Marie Bernard, is the daughter of Nola Hebert, and she acquired Tract 1 through judgment of possession rendered in her mother’s succession on November 15, 1982. Rolland Broussard and his wife, Joyce Broussard, acquired a portion of Tract 2 from Evelyn Hebert Broussard and Fred Broussard by act of donation dated December 29, 1976. The remainder of Tract 2 was acquired by Rolland Broussard by act of donation dated December 16, 1982.
The testimony at trial established that, since 1963, the road in question has been in continuous use by both plaintiff and defendants herein, as well as their ancestors in title. Furthermore, it was established at trial that previous owners of Tract 1 and 2 have shared expenses of maintaining the road as well as constructing fences at various locations alongside the roadway.
In their appeal, defendants argue that a servitude of passage was created by the April 19, 1966 partition agreement. We agree. It is well established that where one subdivides property by plat of survey which designates a right-of-way or servitude of passage and thereafter sells one or more tracts of land by reference to said survey, a servitude of passage is created thereby, regardless of whether or not the instrument in question specifically describes or makes reference to the servitude. Tate v. South Cent. Bell Tel. Co., 386 So.2d 139 (La.App. 3 Cir.1980); Triangle Development, Inc. v. Burns, 469 So.2d 29 (La.App. 1 Cir.1985). Such has been the holding of the courts of this State in cases involving the transfer of both urban and *1095 rural property. Iseringhausen v. Larcade, 147 La. 515, 85 So. 224 (1920). In Bernard v. Somme, 501 So.2d 893 (La.App. 5 Cir.1987), several heirs partitioned a tract of land, dividing same into eight separate parcels. Although the partition made no reference to a servitude of passage, the plat of survey referenced in said partition delineated a 10-foot strip traversing the southern boundary line of the property partitioned, designating same “For Road.” In finding that a servitude of passage was created, the court stated, at page 895, the following:
“Although the Act of Partition did not expressly establish a servitude of passage along the southern boundary of Lot 153, the surveyor’s plat referenced in the property descriptions shows that a ten foot strip traversing the length of the southern boundary of Lot 153 was designated ‘For Road’. A portion of this area was shelled at the time the partition was executed. When there is such a discrepancy between the document transferring title and the surveyor’s plat referenced in the property description, the plat, which forms part of the description as if it were actually copied therein, controls. Werk v. Leland University [155 La. 971], 99 So. 716 (La.1924); Triangle Development, Inc. v. Burns, 469 So.2d 29 (1st Cir.1985); Tate v. South Central Bell Telephone Co., 386 So.2d 139 (3rd Cir. 1980); O’Reilly v. Poche, 162 So.2d 787 (4th Cir.1964).
“We conclude, as did the trial judge, that a conventional servitude of passage was established over the ten foot strip along the southern boundary of Lot 153.”
In view of the above cited jurisprudence, we conclude that the trial court erred in finding that a servitude of passage was not established by the April 19, 1966 partition agreement. The plat of survey referenced in said partition clearly set forth a 40-foot servitude of passage along the boundary line between Tracts 1 and 2. By executing the partition agreement, and subsequently sharing expenses of maintaining and preserving the roadway, plaintiff and defendants’ ancestors in title clearly evidenced their intent to establish a servitude of passage in accordance with the March 21, 1963 survey prepared by Fred L. Co-lomb. We therefore reverse the holding of the trial court as we find that a predial servitude of passage was created by the aforesaid partition agreement with the location of said servitude of passage being as designated on the aforementioned plat of survey prepared by Fred L. Colomb.
Costs of this appeal and at the trial level are to be paid by plaintiff, Rosa Marie Bernard.
REVERSED AND RENDERED.
*1096 APPENDIX I
[[Image here]]
*1097 [[Image here]]