897 So.2d 144 (2004)
Jimmy SPRUELL
v.
Thomas DUDLEY.
No. 2003 CA 2697.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
*145 Edward Grady Partin, Baton Rouge, for Plaintiff-Appellee Jimmy Spruell.
H. Craig Davidson, Jr., Baton Rouge, for Defendant-Appellant Tommy Dudley.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
This litigation involves the interpretation to be afforded the restrictive covenants of a residential subdivision. From the trial court's grant of a preliminary injunction, the defendant property owner has appealed.

FACTS
Mill Creek Subdivision is a residential subdivision situated in East Feliciana Parish. The same owners created Mill Creek *146 Subdivision in two separate stages  each filing was made with reference to a plan of subdivision or plat and a set of restrictive covenants. The first filing consisted of fifteen (15) restricted lots, some fronting the public road, Highway 409, with the remainder situated on either side of the intervening Mill Creek Lane. The second filing consists of an additional twenty-two (22) lots on either side of an extension of Mill Creek Lane and an offshoot, Barrett Lane. Both Mill Creek Lane and Barrett Lane terminate in circular cul-de-sacs placed by the developers to indicate the completion of the subdivision. The restrictive covenants are essentially the same for both filings, and state that the lots in Mill Creek are not to be used for more than one family residence, and prohibit commercial use or further subdivision of the lots within the subdivision.
Defendant Tommy Dudley ("Mr. Dudley") is the owner of Lot 36 in Mill Creek Subdivision, Second Filing ("Mill Creek"), which is situated in the cul-de-sac on Barrett Lane. Mr. Dudley subsequently purchased approximately sixty (60) acres along the northern boundary at the rear of his Mill Creek lot from Dr. William J. Carona. This tract is referred to by Mr. Dudley as Lot 36-A. This property lies outside of the Mill Creek development and is not burdened with, or subject to, the restrictive covenants. On June 25, 2003, Mr. Dudley filed a map showing the further subdivision of said Lot 36-A into five smaller lots and a large tract consisting of approximately forty-two (42) acres. Mr. Dudley also began building a twenty-five foot servitude of passage or right-of-way along the eastern boundary of his Mill Creek lot to provide access from Barrett Lane within the subdivision to the property he owned outside of the subdivision.
On July 10, 2003, plaintiff, Jimmy Spruell ("Mr. Spruell") sued to enjoin Mr. Dudley from establishing said right-of-way claiming that as an owner of property within Mill Creek, Mr. Spruell would suffer irreparable injury if Mr. Dudley was not enjoined from constructing the servitude. Mr. Spruell alleged that the actions of Mr. Dudley were not harmonious with the general plan of the subdivision and violated the restrictive covenants. Specifically, Mr. Spruell asserted that Mr. Dudley's actions in creating such a right-of-way subdivided the lot, constituted a commercial use of the lot, as well as a multi-resident use of the lot in violation of the Mill Creek restrictive covenants.

ACTION OF THE TRIAL COURT
On July 21, 2003, a hearing was held to determine whether a preliminary Injunction should issue to enjoin Mr. Dudley from constructing and/or using a right of passage across Lot 36 of Mill Creek. At the hearing, the parties jointly introduced into evidence a copy of the restrictive covenants for Mill Creek together with a copy of a subdivision plat for Mill Creek, and a map showing the proposed right-of-way and the additional lots proposed by Mr. Dudley.
Following a hearing on July 21, 2003, the trial court ordered the parties to submit and file legal memoranda with the court on or before July 31, 2003. On August 7, 2003, the trial court issued its Written Reasons for Judgment. The trial court subsequently signed a judgment on August 20, 2003, granting a preliminary injunction that prohibited Mr. Dudley from constructing or using a right-of-way through Lot 36 of Mill Creek Subdivision. From this judgment, Mr. Dudley has appealed.

ISSUES PRESENTED FOR REVIEW
In connection with his appeal in this matter, Mr. Dudley presents the following *147 issues for review and consideration by this court:
1. The trial court erred in its interpretation and enforcement of the restrictive covenant at issue.
2. The trial court erred in finding that the property in question (Lot 36A-1) is not landlocked when the exhibits and stipulations of the parties confirm that it is in fact landlocked.
3. The trial court erred in finding that the restrictive covenants supersede Louisiana Civil Code article 689 that guarantees a right of passage to landlocked property.
4. The trial court erred by misapplying Louisiana Civil Code article 693 to find that defendant-appellant is not entitled to a right of passage across his own property because as purchaser of Lot 36A-1 defendant-appellant became enclosed as a result of a voluntary act or omission.

STANDARD OF REVIEW
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). If the trial court or jury findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

DISCUSSION

Interpretation of the Restrictive Covenants
The first issue raised by Mr. Dudley in his appeal is that the trial court erred in its interpretation and enforcement of the restrictive covenant at issue.
Our law has characterized restrictive covenants as continuous, non-apparent servitudes that can only be established by title. No particular form is required for the creation of such a servitude, but the intention to create the servitude must clearly appear from the title by which it is established. Levy v. Graham, 347 So.2d 1180, 1181 (La.App. 1 Cir.1977).
At the hearing on the injunction, the parties jointly introduced the restrictive covenants for both filings of the Mill Creek development that are almost identical. Although Lot 36 owned by Mr. Dudley, and at issue in this litigation, is situated in the second and final filing, restrictive covenants from both filings were introduced to show the intent of the developers.
In its Written Reasons for Judgment, the trial court noted that the restrictive covenants for Mill Creek contain restrictions on the use of property with the subdivision and provides in pertinent part:
No lot shall be used for more than one family residence or one mobile home and no commercial mobile home park shall be permitted, nor shall any commercial uses be permitted or any noxious or hazardous activity.
The trial court concluded that:
A common sense reading of the restrictive covenant in question, and one which does not require a liberal construction, makes it clear that construction of a right of passage on Defendant's Mill Creek lot involves use of the lot for *148 more than what is permitted by the restrictive covenant. The restriction very clearly provides that a lot shall not be used for anything other than "one family residence"' or "one mobile home."
....
In this case, Defendant seeks to provide ingress and egress to land he purchased outside the subdivision for purposes of home construction. However, his proposed right of passage cannot be considered as a permanent use under the restrictive covenant since a right-of-way is not a "one family residence" or "one mobile home" permitted by the restriction.
We agree with the reasoning of the trial court and further note that by creating a predial servitude such as a right of passage across his property within Mill Creek, Mr. Dudley is in effect alienating or encumbering a portion of his Mill Creek property. Such action is not intended as a benefit or advantage conferred upon Mr. Dudley's Lot 36 within Mill Creek, but rather for the use and benefit of new lots and land created by Mr. Dudley outside of the subdivision. In our opinion, such action violates not only the "Restrictions on Use" provisions of the restrictive covenants, but also the prohibition against "Re-subdivision."
The restriction prohibiting re-subdivision of lots within Mill Creek is also set forth in the restrictive covenants and provides as follows:
RE-SUBDIVISION
These covenants and restrictions shall prohibit the re-subdivision of lots from any dimension other than those shown on the official plat of Mill Creek Subdivision, Second Filing. [Underscoring supplied.]
This issue is without merit.

Law Regarding Enclosed Estates
The second, third, and final issues raised by Mr. Dudley relate to the trial court's finding that the property owned by Mr. Dudley that is situated outside of the Mill Creek development (referred to by Mr. Dudley as "Lot 36-A") is not landlocked. Mr. Dudley claims that the exhibits and stipulations of the parties confirm that the property in question is in fact landlocked. Mr. Dudley further claims that Louisiana Civil Code article 689 guarantees a right of passage to landlocked property, and that the trial court erred in its finding that he is not entitled to a right of passage across his own property because as purchaser of Lot 36-A, he became enclosed as a result of a voluntary act or omission of the previous owner.
A landowner's right to claim a right of passage is addressed in the articles found in Book II, Title IV, Chapter 3, Section 3, of the Louisiana Civil Code. Civil Code article 694 provides that in the case of a partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage. La. Civ.Code article 694.
It appears that Dr. Carona, the previous owner of the sixty (60) acre tract now identified by Mr. Dudley as Lot 36-A, created this dilemma when he sold Mr. Dudley land without leaving access to a public road. As this court observed under the facts set forth in Sceroler v. Rancher, 99-2859, p. 7 (La.App. 1 Cir. 2/15/02), 808 So.2d 803, 808, writ denied, XXXX-XXXX (La.5/24/02), 816 So.2d 849, prior to the sale, the land acquired by Mr. Dudley was not enclosed  the access to a road was *149 through the remaining property owned by Dr. Carona.
Article 694 is mandatory where land becomes enclosed as a result of a voluntary alienation such as a sale, exchange, donation, subdivision or any other transaction that involves a transfer of ownership. See A.N. Yiannopoulos, Predial Servitudes § 103, at 297-298, 4 Louisiana Civil Law Treatise (2d ed.1997). Professor Yiannopoulos observes, "[i]n all cases, the right to demand a gratuitous passage is accorded to one who acquires an enclosed estate as a result of a voluntary alienation ... of property." Id.
Similar to the facts presented in Sceroler, although Mr. Dudley would clearly prefer that access to Lot 36-A be across his lot in Mill Creek, this court held in Sceroler that La. Civ.Code Article 689 only applies if the owner of the enclosed estate "has no access to a public road." If the owner of the enclosed estate is entitled to a gratuitous servitude of passage over "the land on which passage was previously exercised, even if it is not the shortest route to the public road," under La. Civ.Code article 694, then technically La. Civ.Code article 689 does not apply. The "access to a public road" is available over the land on which the passage was previously exercised. Thus, where a gratuitous passage is available under Article 694, an enclosed landowner is not entitled to an Article 689 servitude across a neighbor's land. See Sceroler, 99-2859 at pp. 7-8, 808 So.2d at 808.
We conclude, as did the trial court, that Mr. Dudley must avail himself of the gratuitous right of passage across Dr. Carona's property that he is entitled to pursuant to La. Civ.Code article 694. These issues are similarly without merit.

CONCLUSION
For the reasons set forth above, the trial court's issuance of a preliminary injunction against Tommy Dudley prohibiting construction of, or use of, the proposed right of passage across Lot 36 in Mill Creek is affirmed and maintained. All costs associated with this appeal shall be assessed against defendant-appellant, Tommy Dudley.
AFFIRMED.