SUCCESSION OF DRUSELLA MARIE DUPUY FARRIS, MYRA PATRICIA FARRIS SIMON, TRENNA ANN CRAIG (RICHARD), CAROLYN FARRIS JONES, GABRIELLE COOPER AND JEFFERY WADE COOPER
v.
GREENLAND ENTERPRISES, L.L.C.
No. 2007 CA 1262.
Court of Appeal of State of Louisiana, First Circuit.
February 8, 2008.
JOHN I. FEDUCCIA, Hammond, La, Attorney for Plaintiffs-Appellees.
JOE ARTHUR SIMS, Hammond, La, Attorney for Defendant-Appellant.
Before: CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
This appeal arises out of a trial court judgment wherein defendant was granted a right of way over plaintiffs' property but was also ordered to pay plaintiffs a fair value for the right of way. For the reasons set forth below, we reverse in part, amend, and, as amended, affirm.
In written reasons for judgment rendered on April 17, 2006, the trial court correctly and succinctly summarized the facts of the instant case as follows:
On June 27, 1986, Mrs. Drusella Farris donated approximately two acres of land to her daughter, Jo Ann Farris. A quitclaim deed on this same property was executed from Jo Ann Farris to Greenland Enterprises, LLC (hereafter Greenland) on April 24, 2002. This was without a designated right of way to the property, although in August of 1999, Myra Patricia Cooper, now Simon, filed court documents regarding a right of way on the property. She did this as administrator for the Succession of Drusella Farris (hereafter the Succession.) A Petition For Authority To Convey A Right Of Way, an Order for the same and a Notice to publish the same were filed August 3, 1999 in the 21st JDC for Tangipahoa Parish. The Notice for Application to Convey a Right of Way on the property was published August 5 and 26, 1999. No final judgment was signed granting said right of way.
After the quitclaim deed of 2002 was signed, Ms. Simon, as administrator for the Succession, filed a Petition for Injunction to stop Greenland from using what was deemed a private, family driveway, in order to access the property. This was filed January 13, 2003.
Judge Hughes rendered a declaratory judgment for the Succession on April 14, 2003, agreeing that there was no servitude in fact to the property in question. A judgment signed June 30, 2003 includes the wording that there was no servitude in fact or in law. This was a consent [judgment] rendered after a chambers meeting with Judge Hughes. The judgment was not signed by counsel for Greenland, as he objected to the wording that there was no servitude in fact or in law. On February 4, 2004, an objection to the declaratory judgment was filed by Greenland.
Defendant filed an answer and reconventional demand against the Succession regarding the right to ingress and egress on the property in question. For the reasons that the signed consent judgment was not actually consented to by all parties and that the wording was different in the ruling and in the signed judgment, the Court finds that the answer and reconventional demand filed by Greenland is still a viable claim.
The Court heard nine witnesses, reviewed eighteen exhibits, and considered the memorandum of counsel, which included case law and the Louisiana Civil Code Articles 689 et seq. which apply in this case. The testimony and exhibits revealed that several families reside on and routinely use what the Succession calls a private family driveway. The homes are not all owned by the family of Mrs. Drusella Farris now, though the parcels were originally donated to Farris family members. There are utility servitudes or rights of way on the driveway and the United States postal service delivered mail along the driveway for a period of time.
Some of the witnesses testified that Ms. Simon gave them a verbal right of way to use the driveway. There are five houses and one mobile home fronting the driveway. The driveway has black top covering on it. This driveway has been maintained by the Farris family. John Eady, who resides in the home owned by Greenland, testified that he has lived there for three years and uses the driveway for access to the property in question.
There was testimony regarding the fact that Greenland could access the property by putting in a road to the east of the property, where it meets a public road, by the Abundant Life Church. However, the Court heard no proof that the road by the Abundant Life Church is a public one. In fact, the case of Puma v. Warren, a 21st JDC case from Tangipahoa Parish, was entered into evidence, regarding the road on the east side of the property in question, by the Abundant Life Church. It seems that in 1983, Puma sued for access on this road and a right of way to Puma was established, with Puma paying fair value for it. Puma then transferred the property and right of way to the Abundant Life Church. Therefore, it appears that road is a private road. Greenland does not have access to a public road on the east side of the property. Testimony at trial established the fact that Greenland's parcel of property is surrounded on all other sides by property originally owned by the succession.
Ms. Simon and her sister Carolyn Jones testified that they did not want to grant the right of way to Greenland because it would devalue their property. However, the Court finds that the Succession has already relinquished rights of way on the driveway in question. This was accomplished by utility servitudes, verbal agreements with three Farris family members living along the driveway, and verbal agreements with two non-family members living along the driveway. The only resident living along the black top driveway who has been denied a verbal or written right of way to his home is a non-family member, John Eady, who lives at the property owned by Greenland.
After hearing the evidence and considering the applicable law, the trial court concluded that Greenland's property was an enclosed estate and that, pursuant to La. Civ. Code art. 689,[1] Greenland was entitled to a right of way over the driveway in question to the nearest public road, which was Wardline Road. The court further held that Greenland must pay a fair value for the right of way. A judgment in accordance with these findings was signed by the trial court on June 27, 2006. Greenland timely filed a motion for new trial, which motion was denied by the trial court.
This appeal by Greenland followed, wherein Greenland alleged the trial court erred in applying Article 689 to this case. Greenland asserted it was entitled to a gratuitous right of passage pursuant to La. Civ. Code art. 694, which Greenland argues is an exception to Article 689.
Article 694 provides that "[w]hen in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage." Article 694 is mandatory where land becomes enclosed as a result of a voluntary alienation such as a sale, exchange, donation, subdivision or any other transaction that involves a transfer of ownership. Spruell v. Dudley, 2003-2697, p. 6 (La. App. 1 Cir. 10/29/04), 897 So.2d 144, 149 (citing A.N. Yiannopoulos, Predial Servitudes §103, at 297-298, 4 Louisiana Civil Law Treatise (2d ed. 1997).)
In the instant case, Mr. Eady testified that he currently lives in the house owned by Greenland and that he accesses the house via the driveway in question on a daily basis. Mr. Eady added that there was no other means of access available to him. Thus, pursuant to the mandatory language of Article 694, Greenland is entitled to a gratuitous right of passage over the existing right of way. Therefore, we reverse that portion of the trial court's judgment wherein the trial court appointed an expert appraiser and ordered Greenland to pay plaintiffs a fair value for the right of way. Moreover, we amend the judgment to provide that, pursuant to La. Civ. Code art. 694, the immovable property of the plaintiffs is subject to a gratuitous right of way over the existing driveway to Wardline Road. We issue this memorandum opinion in accordance with Uniform RulesCourts of Appeal, Rule 2-16.1B and assess all appeal costs against plaintiffs.
REVERSED IN PART; AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Article 689 provides as follows: "The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."