STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CAROL PLATT

VERSUS

MADISON RIMMER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2013-11313 "B"
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.

AFFIRMED AS AMENDED.

John F. Craton
Barousse & Craton, LLC
211 North Parkerson Avenue
P. O. Box 1305
Crowley, LA 70527-1305
(337) 785-1000
COUNSEL FOR DEFENDANT/APPELLEE:
    Madison Rimmer

J. Clay Lejeune
Attorney at Law
P. O. Box 1919
Crowley, LA 70527
(337) 788-1505
COUNSEL FOR PLAINTIFF/APPELLANT:
    Carol Platt

**GREMILLION, Judge.**

The plaintiff, Carol Platt, appeals the judgment in favor of her brother, the defendant, Madison Rimmer, finding that a servitude existing on Rimmer's property was personal to Platt. For the following reasons, we affirm as amended.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1983, five siblings including Platt and Rimmer, signed an Act of Partition partitioning approximately 1,000 acres located in Acadia Parish. In December 2013, Platt filed a petition for declaratory judgment arguing that the right of passage on Rimmer's adjoining property was predial and requesting that the rights of passage be determined for herself and future purchasers of the property, that an injunction be issued requiring Rimmer to cease and desist the interruption of the peaceful passage over the property, and for damages occasioned by the denial of passage. However, Platt subsequently removed the request for damages due to the summary nature of the proceeding requested by the parties.

Following a hearing on October 19, 2015, the trial court rendered judgment in favor of Rimmer finding that "the language used for the servitude in the 1983 Rimmer Family Partition creates a personal servitude and not a predial servitude." Platt now appeals and argues that the trial court erred in finding that the servitude was personal rather than predial.

## DISCUSSION

A party can seek a declaratory judgment to clarify her rights under a contract. La.Code Civ.P. arts. 1871 and 1872. This case raises issues of law pertaining to the nature of the servitude created in the contract and possibly existing on the land; therefore, we review it de novo. *See Ranger Ins. Co. v. Shop Rite, Inc.,* 05-452 (La.App. 5 Cir. 1/17/06), 921 So.2d 1040.

In her petition, Platt states:

10.

Petitioner **CAROL PLATT** maintains that the road is transferable and acts as servitude of passage to all of the estate.

. . . .

12.

The petitioner prays for a Declaratory Judgment wherein the rights of passage are defined for the petitioner and future purchasers of the property.

The 1983 Act of Partition signed by the five siblings states in pertinent part:

> There is also reserved for the use and benefit of all of the parties hereto a right of way or right of passage over and across any and all of the land hereinabove described on the plat of survey attached hereto and made a part hereof. In the event that it becomes necessary in the future to abandon the existing roads and/or passages, then, in that event, each party agrees to provide to every other party reasonable access to his or her respective property.

In 2012, Platt attempted to have an "Act of Correction" confected by the siblings, which essentially would have made the servitude predial; however, it was never signed by any of the siblings.

At the declaratory judgment hearing, Platt's counsel phrased the issue as:

> [S]hould Ms. Platt sell the bottom third of her property, would Ms. Platt owe a servitude in the passage that has previously existed, or would she be obliged to construct a new road through her other two portions of property. . . . I feel that the servitude is owed to the estate, . . . property that is landlocked is entitled to a portion, or the servitude that historically existed under Civil Code 646. So the question becomes whether the alienation by partition is such that this particular tract of land because it is landlocked . . .

In closing, Platt's counsel said the issue was whether "potential purchasers would have the right to ask for that [the farm road] means of ingress." In brief,

2

counsel phrases the issue as whether "the vendees in title will be able to access the road and whether her agents for the purpose of sale or showing will be allowed to venture on and use the road to evaluate whether or not they want to purchase."

Rimmer argues in brief that Platt offered no evidence whatsoever at the hearing other than the Act of Partition, and that the only issue can be interpretation of it. It is true that there is little evidence in this case from which to base our decision. We have the partition, brief testimony of Rimmer, and a black and white photocopy of a map that is difficult to decipher and does not even clearly identify the road in question.[1] It appears that both Rimmer and Platt have portions of land that abut the road in question (identified as the access road). It is unknown where the access road leads to or how ingress and egress from the road is accomplished. The map further seems to establish that there is access to a public road (White Oak Highway) that traverses both Rimmer's and Platt's land with Rimmer's land being the portion accessed from the road and the remaining larger portion cutting through Platt's land. Further, Rimmer testified that Platt had already sold a twelve-acre portion of land that fronted White Oak Highway which is the highway that had given her direct contiguous access to all of her land, but which, due to a flooding problem, was removed by the drainage board. Nevertheless, Rimmer testified that none of the property owned by Platt is landlocked.

It is clear from the plain language of the Act of Partition that the servitude was personal. "A personal servitude is a charge on a thing for the benefit of a person." La.Civ.Code art. 534. "The personal servitude of right of use confers in favor of a person a specified use of an estate less than full enjoyment."

_____

[1] In testimony, the map is referred to by colored lines, which are not identified. The inclusion of a color copy of the map would have been helpful.

La.Cov.Code art. 639. Moreover, "[t]he right of use is transferable unless prohibited by law or contract." La.Civ.Code art. 643. The servitude created in the Act of Partition created rights in favor of all of the siblings over all roads and passages on the property. All of the siblings were granted the same broad rights over all of the roads and passageways. This is contrary to a predial servitude, which creates a charge on the servient estate in favor of a dominant estate. La.Civ.Code art. 646. The Act of Partition contains none of the language of La.Civ.Code art. 646 indicating that it would be a predial servitude in which a dominant estate receives benefit from a servient estate. We affirm the trial court's finding that the Act of Partition created a personal servitude in favor of the siblings. This finding, however, did little to define Platt's right to the use of the road as a party with a personal servitude over it.

Therefore, the issue before us is the extent of Platt's right of use and the transferability of her right of use. Rimmer testified that he places chains on the access road to prevent hunters from illegally hunting on their land and young kids from trespassing. However, he allows his tenant farmers to use the road and also allows Louisiana Department of Wildlife and Fisheries employees and pig hunters to access the road in attempts to control a wild boar problem. He readily admitted that he has refused to allow real estate agents to use the road, stating that the road is not meant to be traveled by ordinary vehicles. Rimmer said that one party interested in Platt's land "got stuck[;] he drove straight into the rice fields."

"A right of use includes the rights contemplated or necessary to enjoyment at the time of its creation as well as rights that may later become necessary[.]" La.Civ.Code art. 642. Platt has as much right to use the road as any of her other siblings. Rimmer grants permission for various persons to access the road for

4

farming. The question is whether Platt can permit others to use the road in a manner for which the uncontroverted testimony established it had not been historically used (i.e. use by real estate agents and potential buyers to access her property as opposed to use as a farm road). Louisiana Civil Code article 645 states: "A right of use is regulated by application of the rules governing usufruct and predial servitudes to the extent that their application is compatible with the rules governing a right of use servitude." Since the use and extent of the servitude was not set forth in the partition, La.Civ.Code art. 705 addresses the servitude of passage as follows:

> The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, utilities, or vehicles are permitted to pass through the servient estate. Unless the title provides otherwise, the extent of the right and the mode of its exercise shall be suitable for the kind of traffic or utility necessary for the reasonable use of the dominant estate.

If the contract is silent "as to the extent and manner of use of the servitude, the intention of the parties is to be determined in light of its purpose." La.Civ.Code art. 749; *Thiels v. Dennis,* 09-957 (La.App. 3 Cir. 2/3/10), 29 So.3d 715. The purpose of a right of passage is to allow "persons, animals, utilities, or vehicles" to pass over the estate. La.Cov.Code art. 705. It is reasonable for Platt to allow real estate agents to traverse the road in order to see and show the property she wishes to sell. This is a necessary utilization of the road in order to exercise the right to alienate her property as she sees fit, which is undisputed. If the siblings did not wish to allow any vehicles other than farming equipment to access a road, the partition should have stated as such. It is uncontroverted that the passage in question is a "muddy farm road" used for farming purposes. Whether the road will be damaged, and who will be required to maintain and repair it, are not at issue

5

before us (although Platt's counsel suggested in argument before the trial court that it would be her responsibility to repair damages caused by a vehicle on the road at her behest). The only issue we need to address is whether Platt has a right to the use of the road. Pursuant to La.Civ.Code art. 705, Platt has a right under her personal servitude to traverse the road and to allow others to traverse the road in the course of its ordinary and reasonable use. Moreover, by the clear language of La.Civ.Code art. 643, Platt's right of use is transferable to any subsequent buyers of her property.

*Servitude For Future Buyers*

Platt essentially argues that the issue is whether the partitioning of her property into separate tracts requires that the Rimmer property must provide a predial servitude in her favor because the partitioning creates a landlocked portion. However, Platt admits that she could construct a road through her remaining portions:

> That is perfectly accurate, that she could, in fact, construct a road or have a road constructed for – for – at that point in time. The question is whether because there is an existing roadway that already exists and that was part of the estate, whether she has a – that gratuitous right enures to her benefit and any other subsequent purchasers of the property.

Platt claims that the "land in question became landlocked by the partition of property between the heirs of the estate" and refers to La.Civ.Code art. 694 which states:

> When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road or utility, and even if the act of alienation or partition does not mention a servitude of passage.

6

Platt further argues that regardless of the Act of Partition, future owners would be entitled to the right of passage, citing *Spruell v. Dudley*, 03-2697 (La.App. 1 Cir. 10/29/04), 897 So.2d 144 and *Spotsville v. Herbert & Murrell, Inc.*, 97-188 (La.App. 3 Cir. 6/18/97), 698 So.2d 31. In *Spruell*, the defendant tried to create a right of way over a covenant-restricted neighborhood to some land he bought adjacent to the property. The appellate court found that the vendor of the adjacent property owed a gratuitous passage via the route previously exercised to defendant. In *Spotsville*, the plaintiff-vendor sold a portion of her property to the defendant-vendee and subsequently enclosed herself without a right of way. Based on La.Civ.Code art. 693, which states that "If an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors[,]" the appellate court found that the plaintiff did not have a right of access because she was the cause of her own dilemma.

We are unable to determine from the limited evidence before us what the legal rights of any subsequent purchasers would encompass based on this map. It is impossible for us to determine whether a predial servitude of a gratuitous right of passage pursuant to La.Civ.Code art. 694 would exist and to what road it would apply. There are too many variables to consider, for which we have no definitive evidence, since the manner of the division of the property and its relationship to the surrounding roads are unclear. Accordingly, we cannot address the issue of the rights of subsequent buyers of Platt's property.

## CONCLUSION

The declaratory judgment finding that Platt's servitude is personal is affirmed.  We amend the judgment to clarify that Platt has the right to use the road and to allow others to use the road in order to sell her property. We are unable to define the rights of any subsequent buyers of the property due to a lack of evidence. The costs of this appeal are assessed equally between the parties.

**AFFIRMED AS AMENDED**.