STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1574

MARTHA COOPER WIFE OF/AND WESLEY COOPER

VERSUS

AMBER AND MARK THEARD

*DATE OF JUDGMENT:*  **AUG 1 1 2022**

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF TANGIPAHOA, STATE OF LOUISIANA
NUMBER 2020-0001854, DIVISION F

HONORABLE WILLIAM S. DYKES, JUDGE

* * * * * *

Gary J. Gambel
Hammond, Louisiana

Counsel for Plaintiffs-Appellees
Martha Cooper and Wesley Cooper

Brittney I. Esie
Samuel L. Sands
New Orleans, Louisiana

Russell C. Monroe
Ponchatoula, Louisiana

Counsel for Defendants-Appellants
Amber Theard and Mark Theard

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: AFFIRMED.

Holdridge J. concurs w/ Reasons

**CHUTZ, J.**

Defendants-appellants, Amber and Mark Theard, appeal the trial court's judgment granting a preliminary injunction in favor of plaintiffs-appellees, Martha and Wesley Cooper, allowing the Coopers to use a driveway located primarily on the Theards' property. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2020, the Coopers filed a petition for a temporary restraining order (TRO) and injunctive relief in which they alleged that they and the Theards are owners of adjoining tracts of land located at 67599 and 67579 South River Road in Kentwood, Louisiana, who share a common driveway that provides the sole access to each of their homes. The Coopers averred that from the time they acquired their tract in 2014, they enjoyed a servitude allowing for their use of the driveway with the Theards' predecessor-in-title, Emanuel J. Guerra. According to the Coopers, Wesley and Guerra entered into an agreement memorializing that they shared a driveway, which was filed into the public records.

In their petition, the Coopers claimed that in May 2020, shortly after the Theards acquired their property, the Theards began efforts to prevent the Coopers from using the driveway, including erecting and locking the gate as well as placing obstructions in the road, effectively denying the Coopers access to their home. The Coopers sought injunctive relief prohibiting either party from interfering with the other parties' use of the driveway and a TRO ordering the Theards to cease all activities that obstructed or inhibited use of or access to the road by the Coopers and their visitors. The trial court issued the requested TRO on July 17, 2020. On July 20, 2020, the Theards filed an opposition to any relief in favor of the Coopers.

The request for a preliminary injunction was tried and at the conclusion of the hearing, the trial court determined that the Coopers were entitled to the

2

injunctive relief, finding that Guerra and Wesley intended to create a right of use of the driveway in favor of the Coopers and that the subsequent sale from Guerra to the Theards was subject to that right of use.[1] The trial court signed a judgment issuing a preliminary injunction in favor of the Coopers, which granted them the use of the common driveway. A motion for new trial filed by the Theards was denied. This appeal followed.

## DISCUSSION

A preliminary injunction is an interlocutory order issued in a summary proceeding incidental to the main demand for permanent injunctive relief and is designed to preserve the status quo between the parties pending a trial on the merits. Plaintiffs bear the burden of establishing, by a preponderance of the evidence, a prima-facie showing that they will prevail on the merits. See La. C.C.P. art. 3601; *Byron E. Talbot Contractor, Inc. v. Lafourche Par. Sch. Bd.*, 2021-0181 (La. App. 1st Cir. 11/1/21), 332 So.3d 699, 702.[2]

---

[1] Although the matter was heard by Honorable Donald M. Fendlason presiding ad hoc, the judgment granting the preliminary injunction was signed by Judge William S. Dykes. Generally, a judgment signed by a judge who did not preside over the trial is not an informality, irregularity, or misstatement that may be corrected by the trial court; it is a fatal defect to this court's jurisdiction. See *Employers Nat'l Ins. Co. v. Workers' Compensation Second Injury Bd.*, 95-1756 (La. App. 1st Cir. 4/4/96), 672 So.2d 309, 312. However, because Judge Fendlason indicated his intent to sign a judgment in favor of the Coopers, Judge Dykes was empowered to sign the appealed judgment in his capacity as successor judge. See *Henry v. Sullivan*, 2016-1867 (La. 11/18/16), 206 So.3d 858 (per curiam). See also La. R.S. 13:4209(B)(2) ("If a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.").

[2] The Theards do not challenge the Coopers' averments that no showing of irreparable harm was necessary. See La. C.C.P. art. 3601(A) ("An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law."). The Coopers maintain the conduct they sought to have enjoined was a violation of prohibitory law such that irreparable harm was presumed. See *Zachary Mitigation Area, LLC v. Tangipahoa Par. Council*, 2016-1675 (La. App. 1st Cir. 9/21/17), 231 So.3d 687, 690-91 ("[A] showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful."). Alternatively, the Coopers rely on La. C.C.P. art. 3663, which provides for injunctive relief to protect or restore possession of immovable property or of a real right therein to a plaintiff in a possessory action, during the pendency thereof, and a person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment. See *Carbo v. City of Slidell*, 2001-0170 (La. App. 1st Cir. 1/8/03), 844 So.2d 1, 10, writ denied, 2003-0392 (La. 4/25/03), 842 So.2d 400 ("Irreparable injury is not an element of proof for obtaining injunctive relief pursuant to Article 3663.").

3

Whether to grant or deny a preliminary injunction rests within the sound discretion of the trial court. While the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion, this standard is based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding necessary to the proper exercise of its discretion. *Byron E. Talbot Contractor, Inc.*, 332 So.3d at 702. To reverse under the manifest error rule, an appellate court must find from the record that there is no reasonable basis for the trial court's finding and that the record shows the finding to be manifestly erroneous. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La. 1993).

On appeal, the Theards contend that the trial court erred as a matter of law and was manifestly erroneous in granting a preliminary injunction in favor of the Coopers. Particularly, the Theards maintain the record is devoid of any evidence to support a finding that a servitude was created. And they urge that the document that the trial court relied upon to conclude the Coopers were entitled to use of the driveway did not express an intent to create a servitude.

At the commencement of the trial, at which no testimony was adduced, the parties stipulated to the admissibility of the exhibits, including the agreement Wesley entered into with Guerra. The handwritten document states:

To Whom It May Concern

I reside at 67599 South River Road. My neighbor and I share a driveway. We also share maintenance of the drive.

This agreement, which is not dated, was signed by "Emanuel J. Guerra" and "Wesley G. Cooper" and recorded in the conveyance records on November 5, 2018.

Also admitted into evidence was the cash sale by which the Theards acquired their tract from Guerra on March 20, 2020. According to the provisions of

the act of sale, Guerra sold and delivered to the Theards a certain piece of ground "together with ... all the rights, ways, privileges, servitudes, appurtenances, and advantages." The act of sale expressly stated that the possession and delivery of the property was "[s]ubject to the Road Maintenance Agreement, recorded November 5, 2018." Additionally, the Theards agreed that "[t]he sale [was] made and accepted subject to all prior servitudes, easements, reservations, restrictions and covenants of record in the office of the Clerk and Recorder."

The law recognizes two kinds of servitudes: personal servitudes and predial servitudes. La. C.C. art. 533. Personal servitudes of rights of use confer upon a person a specified use of an estate less than full enjoyment. See La. C.C. art. 639. The right of use may confer only an advantage that may be established by a predial servitude. La. C.C. art. 640. Rights of use are real rights which confer limited advantages of use or enjoyment over an immovable belonging to another person. *Richard v. Hall*, 2003-1488 (La. 4/23/04), 874 So.2d 131, 145. A right of use includes the rights contemplated or necessary to enjoyment when the servitude was created. Additionally, rights that may later become necessary are included in the right of use, provided that a greater burden is not imposed on the property, unless the title stipulates otherwise. See La. C.C. art. 642. A right of use is regulated by application of the rules governing predial servitudes to the extent that their application is compatible with the rules governing a right of use servitude. La. C.C. art. 645.

The use and extent of the personal servitude of right of use must be interpreted pursuant to the general rules for interpreting contracts, found in La. C.C. art. 2045 et seq., and the special rules for interpreting servitude contracts set forth in La. C.C. arts. 697-734. *Carbo v. City of Slidell*, 2001-0170 (La. App. 1st Cir. 1/8/03), 844 So.2d 1, 11, writ denied, 2003-0392 (La. 4/25/03), 842 So.2d 400.

5

The cardinal rule of contractual interpretation is that the intention of the parties governs. <u>See</u> *Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC*, 2012-2055 (La. 3/19/13), 112 So.3d 187, 192. The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself and not assumed. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Common intent is determined, therefore, in accordance with the general, ordinary, plain, and popular meaning of the words used in the contract. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties. *Clovelly Oil Co., LLC*, 112 So.3d at 192. In other words, the intention of the parties is to be determined in accordance with the plain, ordinary, and popular sense of the language used in the agreement and by giving consideration on a practical basis to the instrument in its entirety. *Dunn v. Potomac Ins. Co. of Illinois*, 94-2202 (La. App. 1st Cir. 6/23/95), 657 So.2d 660, 663. And where the contract is silent as to the extent and manner of use of the servitude, the intention of the parties is to be determined in light of its purpose. La. C.C. art. 749; *Platt v. Rimmer*, 2016-223 (La. App. 3d Cir. 10/12/16), 203 So.3d 553, 556.

Citing *Robert Inv. Co., Inc. v. Eastbank, Inc.*, 496 So.2d 465 (La. App. 1st Cir. 1986), the Theards maintain that the undated, handwritten, un-witnessed, un-notarized document contains no land description of the driveway, and no mention of formal or legal words expressly creating a servitude in favor of the Coopers for the use of the driveway. The Theards also suggest that the lack of a legal description, map, or statement of the nature, extent, conditions, or limitations of

6

use in the signed agreement shows that the agreement is insufficient to support the conclusion that it created a servitude in favor of the Coopers.

The Theards' reliance on *Robert Inv. Co., Inc.*, 496 So.2d at 469, is misplaced. *Robert Inv. Co., Inc.* involved a predial servitude of the right of use of a parking area. The court suggested that because none of the documents associated with the property upon which plaintiff contended it had the right of use contained the words "servitude," "right of use," "common," "public," "private," or any other words evidencing any express intention to create a servitude, a predial servitude of use for parking or any other related activity was not established. And because the record contained no other evidence supporting a finding of an intent to grant a servitude of use for parking, the court concluded that a predial servitude of use for parking was not established. *Robert Inv. Co., Inc.*, 496 So.2d at 468-69.

Although the Theards have correctly pointed out that the agreement before us in this appeal did not specify the location of the driveway, it is evident the parties knew of the driveway's location. Moreover, nothing in the record suggests that another driveway exists on the adjoining tracts so as to give rise to any ambiguity in the understanding of the object of the agreement. That the handwritten agreement between the neighbors did not include the formal or legal words "servitude," "right of use," "common," "public," or "private" does not defeat the clear and unambiguous expression between Wesley and Guerra to "share a driveway." The language used is sufficient to confer upon the Coopers the specified use of the driveway. Accordingly, the trial court did not err as a matter of law in its conclusion that the agreement created a right of use of the driveway in favor of the Coopers.

In its oral reasons for judgment, the trial judge stated:

> The Court ... finds that the intent of the parties on November 5, 2018, between ... Guerra and [Wesley] was a creation of [a] right of use on

this existing driveway. And the subsequent sale of the [Guerra's tract to the Theards] would be subject to this right in favor of the Coopers. ... [The Theards] bought this property subject to this agreement to share the driveway.

We find no manifest error in these determinations. Based on the clear and unambiguous language of the agreement between Guerra and Wesley, the trial court correctly found that the Coopers made a prima facie showing that the parties intended to create a personal servitude of use of the driveway in favor of the Coopers. And since the undated agreement was filed in the public record on November 8, 2018, over a year before they purchased the property from Guerra, the evidence supports a finding that the Theards purchased their property subject to the personal servitude of use of the driveway in favor of the Coopers.

Accordingly, because the trial court committed no legal or manifest error in its conclusions, it did not abuse its discretion by granting the preliminary injunction that allowed the Coopers to use the driveway.

## DECREE

For these reasons, we affirm the trial court's judgment. Appeal costs are assessed against defendants-appellants, Amber and Mark Theard.

**AFFIRMED.**

MARTHA COOPER
WIFE OF/AND
WESLEY COOPER

STATE OF LOUISIANA

VERSUS

COURT OF APPEAL

AMBER AND MARK
THEARD

FIRST CIRCUIT

2021 CA 1574

 **HOLDRIDGE, J., concurring.**

I concur in this case. Although the opinion correctly sets forth the standard of review for the grant of a preliminary injunction, it goes beyond the limited review an appellate court should exercise over the issuance of a preliminary injunction. See **Stevens v. St. Tammany Parish Government**, 2016-0197 (La. App. 1 Cir. 1/18/17), 212 So.3d 562, 565-66; **Hill v. Jindal**, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1002, 1007, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600.